NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERICK MANUEL MEJIA-ALVARADO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   15-71071

Agency No. A088-639-197

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Erick Manual Mejia-Alvarado, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing Mejia-

Alvarado's appeal from an immigration judge's decision denying Mejia-

Alvarado's application for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252(a)(1), and we deny in part and dismiss in part the petition. We review de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008).

The record does not compel the conclusion that Mejia-Alvarado established changed or extraordinary circumstances to excuse his untimely asylum application. 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(4)-(5).

We lack jurisdiction to consider Mejia-Alvarado's claimed social group of his family, because he did not raise that social group before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Mejia-Alvarado does not challenge the agency's determination that he failed to establish he did or will experience persecution on account of political opinion or his proposed social group of "people of some means that were being targeted by gangs or guerrillas that the government was unable to control that were using money to extort and kill." *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Mejia-Alvarado's withholding of removal claim fails.

Mejia-Alvarado also does not challenge the agency's denial of CAT relief, so that issue is similarly waived. *Id.*

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-71071